DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Betty Piacenti, ) | |
| ) | CASE NO. 5:08 CV 746 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Old Mutual Financial Network, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant removed this case from the Portage County Court of Common Pleas on the basis of diversity jurisdiction (Document 1). Plaintiff alleges breach of contract and bad faith for failure to pay on her husband's life insurance policy, and prays for compensatory damages, punitive damages, and attorney fees. The complaint does not specify the amount of damages. Defendant's answer states that the value of the life insurance policy at issue is $15,000. *See* Document 1. Plaintiff's claims are not self-evidently greater than the jurisdictional amount of $75,000, exclusive of interest and costs.

In its notice of removal, defendant concluded that plaintiff's claims for relief, including punitive damages, exceed $75,000, but provided no information or analysis to support that conclusion. The Court granted defendant leave to submit a memorandum in support of jurisdiction, which was filed on April 18, 2008 (Document 7). Plaintiff did not respond to defendant's memorandum.

Defendant argues in support of jurisdiction that defendant's cumulative exposure to a bad faith claim, punitive damages claim, and attorney fees, in addition to the policy benefits, more

(5:08 CV 746)

likely than not exceeds $75,000.  Defendant suggests that the Court look to jury verdicts in similar cases when evaluating whether the jurisdictional amount is met, and refers the Court to *Zoppo v. Homestead Ins. Co.*[1] as instructive of defendant's exposure in a bad faith case.

When the removed complaint seeks an unspecified amount of damages, the burden is on defendant to show by a preponderance of evidence - more likely than not - that plaintiff's complaint will justify an award in excess of the jurisdictional minimum.  *Gafford v. General Electric Company*, 997 F.2d 150, 158 (6th Cir. 1993).  "Competent proof" of jurisdiction is required to satisfy this burden - mere assertions are insufficient.

> "'The authority which the statute vests in the court to enforce the limits of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure.  If his allegations of fact are challenged by his adversary in an appropriate manner, he must support them by competent proof.  And where they are not so challenged the court may still insist that jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that *the party alleging jurisdiction justify his allegations by a preponderance of the evidence.*'"

*Gafford* at 160 (emphasis in original)(quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 785 (1936)).

Removal statutes are to be narrowly construed because of federalism concerns.  *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 757 (6th Cir. 2000).  "Where the basis for jurisdiction is

---

[1] 71 Ohio St. 3d 552, 664 N.E.2d 397 (1994).  In *Zoppo*, plaintiff sued the insurance company for failure to pay on a claim where plaintiff's restaurant and bar business burned down.  In that case, the policy coverage was $50,000 for the building and $65,000 for contents.  Coverage was denied because Homestead Insurance concluded that plaintiff participated in starting the fire.  The jury returned a verdict in plaintiff's favor on policy coverage, and awarded $187,000 on the bad faith claim.  The trial court set the amount of punitive damages at $50,000.

(5:08 CV 746)

doubtful, any doubt should be resolved in favor of remand." *Harris v. Physicians Mutual Insurance Company*, 240 F. Supp. 2d 715, 718 (N.D. Ohio 2003)(citing *Long* at 757).

The Court finds defendant has not satisfied its burden to provide competent proof that plaintiff's claims more likely than not exceed the jurisdictional amount of $75,000 necessary for diversity jurisdiction.[2] Mere assertions and argument are insufficient. Removal statutes are narrowly construed and doubts resolved in favor of remand. It is doubtful that plaintiff's claims regarding a $15,000 life insurance policy, even if successful, will exceed $75,000. Resolving doubt in favor of remand, this case is remanded to the Portage County Court of Common Pleas. IT IS SO ORDERED.

| | |
|---|---|
|  May 12, 2008 | *S/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[2] The Court does not find the facts of *Zoppo* to be similar to this case and therefore not persuasive support for defendant's argument in favor of jurisdiction.